**JOHN L. BURRIS, Esq., SBN 69888**
**BEN NISENBAUM, Esq., SBN 222173**
**PATRICK M. BUELNA, Esq., SBN 317043**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Center
7677 Oakport St., Suite 1120
Oakland, CA 94621
Telephone:     (510) 839-5200
Facsimile:      (510) 839-3882

Attorneys for Plaintiff TRACY ARISPE, individually
and as successor-in-interest to Decedent NOLAN CORNETT

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY ARISPE, individually and as successor-in-interest to Decedent NOLAN CORNETT<br><br>          Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO, a municipal corporation; FULTON-EL CAMINO PARKS AND RECREATION DISTRICT, a municipal corporation; and DOES 1-50, inclusive, jointly and severally.<br><br>          Defendants. | Case No.: 2:18-at-01219<br><br><u>COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF</u><br><br><br><u>JURY TRIAL DEMANDED</u> |

## **INTRODUCTION**

1.      The incident took place on the day of July 19, 2017 at or near 11026 Fair Oaks Blvd, Fair Oaks, CA. Plaintiff Tracy Arispe, had called 9-1-1 emergency services to take her son, Nolan Cornett, to the hospital because he was having a mental health crisis in front of her residence.

2.      A yet to be identified Fulton-El Camino Parks and Recreation Police Officer and Sacramento Sheriff Deputy almost immediately opened fire on Mr. Cornett after arriving. As a result of the yet-to-be-identified Sacrament Sheriff Deputy and Fulton-El Camino Parks and Recreations Officer's egregious conduct Mr. Cornett suffered pain, suffering and a tragic death.

## JURISDICTION

3.      This action arises under Title 42 of the United States Code, Section 1983. Title 28 of the United States Code, Sections 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in Fair Oaks, California, which is within this judicial district. Title 28 United States Code Section 1391(b) confers venue upon this Court.

## PARTIES

4.      Plaintiff TRACY ARISPE is a competent adult, a resident of FAIR OAKS, SACRAMENTO COUNTY, CALIFORNIA, and is a United States Citizen. Plaintiff is the biological mother of Decedent NOLAN CORNETT and his successor-in-interest.

5.      Defendant COUNTY OF SACRAMENTO (hereinafter referred to as "COUNTY" is and at all times herein mentioned is a public entity duly organized and existing under the laws of the State of California that manages and operates the SACRAMENTO COUNTY SHERIFF DEPARTMENT.

6.      Defendant FULTON-EL CAMINO PARKS AND RECREATION DISTRICT (hereinafter referred to as "DISTRICT" is and at all times herein mentioned is a public entity duly organized and existing under the laws of the State of California that manages and operates the FULTON-EL CAMINO PARKS AND RECREATION DISTRICT POLICE DEPARTMENT.

7.      Defendant COUNTY and DISTRICT has refused to produce or show Plaintiffs or their counsel any records of this incident, its investigations of it, or the names of involved officers, despite Plaintiff'S repeated and lawful requests for such information.  Plaintiffs are ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names.  On information and belief, Defendant DOES 1-50 ("Doe Defendants") at all material times were employed as law enforcement officers by Defendant COUNTY AND DISTRICT, and were acting within the course and scope of that employment.  Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.  Plaintiffs believe and allege that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth.  Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, and unlawful use of force.  Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission.  Plaintiffs will ask leave to amend this complaint subject to further discovery.

8.      In doing the acts alleged herein, Defendants, and each of them acted, within the course and scope of their employment for the COUNTY and DISTRICT.

9.      In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

10.     Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.  Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged.  At all material times, each Defendant was jointly engaged in tortious activity, and had fundamental involvement and was an integral participant to the events and violations of rights described herein, resulting in the deprivation of

Plaintiff's and Decedent's constitutional rights and other harm.

11.    Plaintiff is informed and believes and thereon alleges that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiff.  Further, one or more DOE defendants was at all material times responsible for the hiring, training, supervision, and discipline of other defendants, including Doe Defendants.

12.    The acts and omissions of all Defendants as set forth herein were at all material times pursuant to the actual customs, policies, practices, training, and procedures of the Vallejo Police Department.

13.    Plaintiff filed a timely government claim with the DISTRICT and COUNTY, which was rejected on January 24, 2018.

## STATEMENT OF FACTS

14.    The incident took place on the day of July 19, 2017 at or near 11026 Fair Oaks Blvd, Fair Oaks, CA. Claimant, Tracy Arispe, had called 9-1-1 emergency services to take her son, Nolan Cornett, to the hospital because he was having a mental health crisis in front of her residence.

15.    Ms. Arispe did not wish to have escalate her son's mental health crisis and wished to allow for emergency services to arrive and transport him to the hospital. Ms. Arispe decided to go through her backyard, around the alley and to the front in order to meet emergency services once they arrived. Soon after going over the backyard fence, Ms. Arispe heard the sound of gunshots.

16.    A yet to be identified Fulton-El Camino Parks and Recreation Police Officer and Sacramento Sheriff Deputy almost immediately opened fire on Mr. Cornett after arriving. The law enforcement personnel knew that Mr. Cornett was suffering a mental health crisis and provided him neither a chance to comply nor attempted to de-escalate the situation before

shooting and tragically killing Mr. Cornett in front of his mother's house who heard the shots from the backyard and feared her son had died.

17. As a result of the yet to be identified Sacrament Sheriff Deputy and Fulton-El Camino Parks and Recreations Officer's egregious conduct Mr. Cornett suffered pain, suffering and a tragic death. Ms. Arispe suffers from extreme emotional distress, psychological damage and loss of wages as a result of the law enforcement personnel's conduct.

## DAMAGES

18. As a direct and proximate result of each Defendant's unreasonable and excessive force, Decedent and Plaintiffs suffered injury, loss of wages, emotional distress, fear, terror, anxiety, humiliation, and loss of sense of security, dignity, and pride as a United States Citizen.

19. As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Plaintiffs sustained the following injuries and damages, past and future, among others:

      a.    Wrongful death of Nolan Cornett;

      b.    Hospital and medical expenses;

      c.    Coroner's fees, funeral and burial expenses;

      d.    Loss of familial relationships, including loss of love, companionship, comfort, affection, society, services, solace, and moral;

      e.    Pain and Suffering, including emotional;

      f.    Nolan Cornett's loss of life, pursuant to federal civil rights law; and

      g.    Nolan Cornett's conscious pain and suffering, pursuant to federal civil rights law;

      h.    Violation of constitutional rights;

      i.    Violation of Title II of the Americans with Disabilities Act

j.    All damages, penalties, and attorneys' fees and costs recoverable under 42 U.S.C. §§ 1983, 1988; California Civil Code §§ 52, 52.1, California Code of Civil Procedure § 1021.5, and as otherwise allowed under California and United States statutes, codes, and common law.

20.    The conduct of Defendants Does 1-50 was malicious, wanton, oppressive, and in reckless disregard of the rights and safety of Nolan Cornett, Plaintiff, and the public.  Plaintiff is therefore entitled to an award of punitive damages against Defendants Does.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Fourth Amendment – Unlawful Detention and Arrest under 42 U.S.C. Section 1983)**
*(Against DOES 1-25)*

21.    Plaintiff re-alleges and incorporates by reference each and every paragraph in this Complaint as if fully set forth here.

22.    At the time yet-to-be identified Deputy and Officer Does seized Decedent, they did not have probable cause to make an arrest and/or detain Mr. Cornett. Defendant County Deputy and District Officer Does arrived and opened fire used excessive force, and shot Mr. Cornett without a lawful basis, which violated Decedent's right to be secure in his person against unreasonable searches and seizures as guaranteed to Decedent under the Fourth Amendment to the United States Constitution.

23.    Defendant Does subjected Decedent to their wrongful conduct, depriving Plaintiff and Decedent of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiffs (individually and on behalf of Nolan Cornett, Deceased) and others would be violated by their acts and/or omissions.

24.    As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff sustained injuries and damages as set forth at above.

25.    The conduct of Defendant DOES 1-25 entitles Plaintiffs to punitive damages and penalties allowable under 42 U.S.C. § 1983 and Cal. Code of Civil Procedure § 377.20 et seq.  Plaintiffs do not seek punitive damages against Defendant COUNTY and DISTRICT.

26.    Plaintiffs are also entitled to reasonable costs and attorneys' fees under 42

U.S.C. § 1988 and applicable California codes and laws.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
### (Fourth Amendment – Excessive Force under 42 U.S.C. Section 1983)
*(Against Defendant DOES 1-25)*

27.     Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as if fully set forth here.

28.     When Defendant District Officer and County Deputy Does shot Decedent Cornett, Mr. Cornett had presented no immediate and serious threat or harm to Officer McMahon, which violated his training, generally accepted law enforcement standards, and Decedent's constitutional rights under the Fourth Amendment.

29.     As a direct and proximate result of Defendant District Officer and County Deputy Does conduct as described above, Decedent sustained serious and permanent injuries and are entitled to damages, penalties, costs and attorneys' fees as set forth above.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION
### Violation of Plaintiffs' 14th Amendment Rights/Right to Familial Relationship
*(Against DOES 1-25)*

30.     Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as if fully set forth here.

31.     Defendant District Officer and County Deputy Does' unlawful and provocative tactics and collective uses of force were totally unnecessary and unreasonable under the circumstances, caused the use of unnecessary and excessive deadly force, were conscience shocking, and done without a legitimate law enforcement purpose, all in violation of right to be free from wrongful government interference with familial relationships, and Plaintiff's and Decedent's right to companionship, society and support of each other, as secured by the First and Fourteenth Amendments.

32.     As a direct and proximate result of Defendant District Officer and County Deputy Does conduct as described above, Decedent sustained serious and permanent injuries and

are entitled to damages, penalties, costs and attorneys' fees as set forth above.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
**(Supervisory and Municipal Liability for Unconstitutional Custom or Policy (Monell)–42 U.S.C. section 1983)**
*(All Plaintiffs against Defendant COUNTY AND DISTRICT and DOES 26-50)*

33.     Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as if fully set forth here.

34.     Plaintiff is informed and believes and thereon alleges that high ranking COUNTY AND DISTRICT officials, including Defendants, and DOES 26-50, and/or each of them, knew and/or reasonably should have known about acts of misconduct by Defendant District Officer and County Deputy Does and other Does, and/or each of them. Defendant District Officer and County Deputy Does shot and killed a man, who did not present a threat to the officers. Officials should have known about acts of misconduct by their officers given that this incident of excessive force and misconduct is yet one more in a collection and string of excessive force incidents committed by Defendant District Officer and County Deputy Does.

35.     Despite having such notice, Plaintiff is informed and believes and thereon alleges that Defendants, and DOES 1-50, and/or each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said officers. Defendant District Officer and County Deputy Does shot Decedent who was suffering a mental crisis without giving him an opportunity to comply with any lawful orders.  As a result, . Defendant District Officer and County Deputy Does fired several bullets into Mr. Cornett's person killing him.

36.     Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants, and DOES 1-50, and/or each of them, encouraged these officers to continue their course of misconduct, resulting in the violation of Decedent's and Plaintiff's rights as alleged herein.

37.     As against Defendant COUNTY AND DISTRICT, Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the COUNTY AND DISTRICT, Plaintiff further

alleges that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of COUNTY AND DISTRICT POLICE'S DEPARTMENT tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens.

38.     The unconstitutional actions and/or omissions of Defendant District Officer and County Deputy Does and others as well as other officers employed by or acting on behalf of Defendant COUNTY and DISTRICT, on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of the Departments, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy making officers for COUNTY and DISTRICT:

a.     To use or tolerate the use of unlawful deadly force including permitting and affirmatively training officers (i) to use deadly force when faced with less than an immediate threat of death or serious bodily injury; (ii) to use deadly force prematurely, or as a "first resort," or when facing a mere potential threat; and (iii) to use deadly force without giving a proper warning when one would be feasible;

b.     To cover-up violations of constitutional rights by any or all of the following:

i.     by failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force, officer-involved shootings, law enforcement related deaths, and unlawful seizures;

ii.     by failing to promptly, independently, thoroughly, and properly investigate and address officer involved shootings and other law enforcement related deaths;

iii.     by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity; and

iv.     by allowing, tolerating, and/or encouraging police officers to: fail to file complete and accurate police reports; file false police reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or

unlawful police conduct, by withholding and/or concealing material information;

    c.    To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department; and,

    d.    To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct made under California Government Code § 910 et seq.;

    e.    To fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in this Complaint and in subparagraphs (a) through (f) above, with deliberate indifference to the rights and safety of Plaintiff and the public, and in the face of an obvious need for such policies, procedures, and training programs to prevent recurring and foreseeable violations of rights of the type described herein.

    39.    Defendants COUNTY and DISTRICT and Does 26-50 failed to properly train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendant District Officer and County Deputy Does, and DOES 1-25, and other VPD personnel, with deliberate indifference to Plaintiff's and Decedent's constitutional rights, which were thereby violated as described above.

    40.    The unconstitutional actions and/or omissions of Defendant District Officer and County Deputy Does and other Department personnel, as described above, were approved, tolerated and/or ratified by policy-making officers for the County and District.  Plaintiff is informed and believe, and thereupon alleges, the details of this incident have been revealed to the authorized policy makers within COUNTY and DISTRICT and the Departments, and that such policy makers have direct knowledge of the fact that the Nolan Cornett shooting was not justified, but rather represented an unconstitutional use of unreasonable, excessive and deadly force.  Notwithstanding this knowledge, the authorized policy makers within COUNTY and

DISTRICT and the Departments have approved Defendant Does' shooting of Nolan Cornett, and have made a deliberate choice to endorse Defendant Does' shooting of Nolan Cornett and the basis for that shooting.  By so doing, the authorized policy makers within the COUNTY and DISTRICT and the Department have shown affirmative agreement with the actions of . Defendant District Officer and County Deputy and other Does, and have ratified the unconstitutional acts of Defendant District Officer and County Deputy Does and other Does.

41.     The aforementioned customs, policies, practices, and procedures, the failures to properly and adequately train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification and toleration of wrongful conduct of Defendants COUNTY and DISTRICT and Does 26-50, were a moving force and/or a proximate cause of the deprivations of Decedent and Plaintiff's clearly-established and well-settled constitutional rights in violation of 42 U.S.C. § 1983, as more fully set forth in Cause of Action 1-3, above.

42.     Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiffs and decedent of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

43.     As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendants COUNTY and DISTRICT and Does 26-50 as described above, Decedent sustained serious and permanent injuries and are entitled to damages, penalties, costs and attorneys' fees as set forth in ¶¶ 30-32 above.

### FIFTH CAUSE OF ACTION
**(Violation of the Bane Act (Cal. Civ. Code § 52.1))**
*(Against all Defendants)*

44.     Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as if fully set forth here.

45.     Plaintiffs bring this "Bane Act" claim individually for direct violation of their own rights (familial association claim based on Defendants Does' intentional shooting of their son without a legitimate law enforcement purpose in a manner that shocks the conscience), and as a successor-in-interest to Decedent as a survival claim pursuant to California Code of Civil Procedure § 377.20 *et seq.* for violation of Nolan Cornett's rights.

46.     By their conduct described herein, Defendant District Officer and County Deputy Does, acting in concert/conspiracy, as described above, violated Plaintiff's and Decedent's rights under California Civil Code §52.1, and the following clearly-established rights under the United States Constitution and the California Constitution:

   a.  Nolan Cornett's right to be free from unreasonable searches and seizures as secured by the Fourth Amendment to the United States Constitution and by Article I, § 13 of the California Constitution;

   b.  Nolan Cornett's right to be free from excessive and unreasonable force in the course of arrest or detention, as secured by the Fourth Amendment to the United States Constitution and by Article 1, § 13 of the California Constitution;

   c.  Nolan Cornett's right to be free from the unreasonable use of deadly force as secured by the Fourth Amendment to the United States Constitution and by Article 1, § 13 of the California Constitution; and

   d.  All Plaintiffs' right to be free from wrongful government interference with familial relationships, and Plaintiffs' and Decedent's right to companionship and society with each other, as secured by the First and Fourteenth Amendments to the United States Constitution.

47.     Unlawful deadly force which violates the Fourth Amendment violates the Bane Act.[1]  Defendants' use of unlawful deadly force against NOLAN CORNETT, in and of itself, satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act.

48.     Further, any volitional violation of rights done with reckless disregard for those rights also satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act.[2]  All of Defendants' violations of duties and rights were volitional, intentional acts, done with reckless disregard for Plaintiff's and Decedent's rights; none was accidental or merely negligent.

49.     Alternatively, Defendants violated Plaintiff's and Decedent's rights by the following conduct constituting threat, intimidation, or coercion that was above and beyond any lawful seizure or use of force:

    a.  Threatening Nolan Cornett in the absence of any threat presented by Nolan Cornett, or any justification whatsoever;

    b.  Using deliberately reckless and provocative tactics to apprehend Nolan Cornett in violation of generally accepted law enforcement training and standards, and in violation of Nolan Cornett's rights;

    c.  Defendants using physical force against Nolan Cornett in the absence of any threat or need for such force;

    d.  Defendant Does pointing their gun at Nolan Cornett in the absence of any threat or justification whatsoever;

    e.  Threatening violence against Nolan Cornett, with the apparent ability to carry out such threats, in violation of Civ. Code § 52.1(j);

    f.  Using excessive, unreasonable and unjustified force against Nolan Cornett by firing gunshots at him, with specific intent to kill, in the absence of any immediate threat;

---

[1] *See Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. May 19, 2014) (citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013)).

[2] *Cornell v. City and County of San Francisco*, 17 Cal.App.5th 766, 801-02 (2017) (*review denied*).

g.  Failing to intervene to stop, prevent, or report the unlawful seizure and use of excessive and unreasonable force by other officers;

h.  Violating multiple rights of Decedent and Plaintiffs;

i.  Violating all Plaintiff's rights to familial association by their use of conscience-shocking excessive force and provocative tactics without any legitimate law enforcement purpose.

50.     Defendant COUNTY and DISTRICT is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents.

51.     As a direct and proximate result of Defendants' violation of California Civil Code §52.1 and of Plaintiff's and Decedent's rights under the United States and California Constitutions, Plaintiff (individually and/or as Successors in Interest) sustained injuries and damages, and against all Defendants and is entitled to relief as set forth above at ¶¶ 30-32 including punitive damages against Defendants, and including all damages allowed by California Civil Code §§ 52, 52.1, and California law, not limited to costs, attorneys' fees, treble damages, and civil penalties.

**SIXTH CAUSE OF ACTION**
**(Assault and Battery – Violation of CALIFORNIA PENAL CODE § 242)**
*(Against DOES 1-25)*

52.     Plaintiffs hereby re-allege and incorporate each and every paragraph in this Complaint as if fully set forth here.

53.     Defendant District Officer and County Deputy, while working as a law enforcement officer for the COUNTY AND DISTRICT, and acting within the course and scope of their duties, intentionally shot and killed Decedent without a lawful basis.

54.     As a result of the actions of the Defendant, Decedent suffered physical injuries. The Defendants did not have legal justification for using force against Decedent, and Defendants' use of force while carrying out their police officer duties was an unreasonable use of force.

55.     As a direct and proximate result of Defendants' assault and battery of Nolan Cornett, Plaintiff sustained injuries and damages, and are entitled to relief as set forth above.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION
### (Negligence)
*(Against DOES 1-25)*

56.     Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as if fully set forth here.

57.     At all times, Defendants owed Plaintiff and Decedent the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

58.     At all times, Defendants owed Plaintiff and Decedent the duty to act with reasonable care.

59.     These general duties of reasonable care and due care owed to Plaintiff by Defendants include but are not limited to the following specific obligations:

    a.    to refrain from using excessive and/or unreasonable force against Nolan Cornett;

    b.    to refrain from unreasonably creating the situation where force, including but not limited to deadly force, is used;

    c.    to refrain from abusing their authority granted them by law;

    d.    to refrain from violating Plaintiff's and Decedent's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

60.     Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff and Decedent.

61.     Defendant County and District  is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal. Gov. Code section 815.2.

62.     As a direct and proximate result of Defendants' negligence, Plaintiff sustained

injuries and damages, and against each and every Defendant is entitled to relief as set forth

above.

## EIGHTH CAUSE OF ACTION
**(Negligent Infliction of Emotional Distress)**
*(Against DOES 1-25)*

63.     Plaintiff hereby re-alleges and incorporates each and every paragraph in this

Complaint as if fully set forth here.

64.     Defendants' above-described conduct was negligent.  Defendants assaulted

Decedent without legal justification and caused Plaintiff to suffer serious emotional distress when

she heard the gunshots inferring that the law enforcement personnel had shot her only son.

65.     In engaging in the above-described conduct, Defendants' negligence was a

substantial factor in causing Plaintiff's serious emotional distress.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## NINTH CAUSE OF ACTION
**(Title II of Americans with Disabilities Act - 42 U.S.C. § 12132)**
*(Against DOES 1-50, District and County)*

66.     Plaintiff hereby re-alleges and incorporates each and every paragraph in this

Complaint as if fully set forth here.

67.     As against DOES 1-25, Decedent NOLAN CORNETT was entitled to coverage

under Title II of the Americans With Disabilities Act. Decedent had a diagnosed mental illness

and Defendants had reason to know Decedent was suffering from his mental disability since they

learned he had a mental disability from dispatch before arrival.

68.     As against Defendant CITY, and/or DOES 26-50 in their capacity as official

policy-maker(s) for the CITY, Plaintiffs allege that said defendants failed to train, supervise, and

or discipline Defendants DOES 1-25, for failing to provide reasonable accommodations during their call for service to Decedent. Officers were there merely to conduct a welfare check for a mother that was seeking help, and a possible 5150 detention, for her mentally disabled son. Therefore, the risk of officer safety was extremely low and the necessity of to use force even lower.

69.     Further, reasonable accommodations were available, including, but not limited to: de-escalation tactics; communication with family members to sort facts; extend the call for service; use the least amount of physical force; summon more officers; use least restraint necessary on Plaintiff with disabilities.

70.     The County, District and its employees failed to provide any and all of these reasonable accommodations to Decedent, despite having reason to know of his disability and that these reasonable accommodations were available to them. The Defendant Deputy and Officer intentionally and/or with deliberate indifference disregarded Decedent's disabilities and the necessary reasonable accommodations. As a result, Decedent was denied the services and benefits of the ADA and suffered injury, harm and humiliation greater than other arrestees.

71.     In sum, the aforementioned conduct of Defendants  DOES 1-25, in failing to make reasonable accommodations for Decedent, denied Decedent the benefits of Defendant CITY's programs and activities, and/or discriminated against Plaintiffs by reason of their perceived disability.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.


## JURY DEMAND

72.     Plaintiff hereby demands a jury trial in this action.

## **PRAYER**

WHEREFORE, Plaintiff prays for relief, against each and every Defendant, jointly and severally, as follows:

1.   For general damages in a sum to be proven at trial;

2.   For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3.   For punitive damages against Defendant DOES 1-50 in a sum according to proof;

4.   Declaratory and injunctive relief, including but not limited to the following:

       i.   An order requiring Defendants to institute and enforce appropriate and lawful policies and procedures for disclosing body camera footage from their officers to the community and family within 30 days after a police shooting in order to encourage transparency and trust;

      ii.   an order prohibiting Defendants COUNTY AND DISTRICT from engaging in the unconstitutional customs, policies, practices, procedures, training and supervision as may be determined and/or adjudged by this case;

     iii.   an order requiring Defendant COUNTY AND DISTRICT to institute and enforce appropriate and lawful policies and procedures for the use of deadly force;

     iv.   an order prohibiting Defendants and their police officers from engaging in the "code of silence" as may be supported by the evidence in this case;

      v.   an order requiring Defendant COUNTY AND DISTRICT to train all law enforcement officers concerning generally accepted and proper tactics and procedures and this Court's orders concerning the issues raised in injunctive relief requests ii-v, above;

5.   All other damages, penalties, costs, interest, and attorney fees as allowed by 42 U.S.C. §§ 1983 and 1988, Cal. Code of Civ. Proc. §§ 377.20 et seq., 377.60 et

seq., 1021.5, Cal. Civil Code §§ 52 et seq., 52.1, and as otherwise may be allowed by California and/or federal law;

6. For cost of suit herein incurred; and

7. For such other and further relief as the Court deems just and proper.

Dated:  July 23, 2018                                    **Law Offices of John L. Burris**


                                                          ___*/s/  Patrick Buelna*
                                                          Patrick Buelna
                                                          Attorney for Plaintiff Tracy Arispe